## A. J. KRANK CO. v. DELAWARE COSMETICS, Inc., et al.
### No. 1028.

District Court, D. Delaware.

Dec. 5, 1934.

Thomas M. Keith, of Wilmington, Del., for plaintiff.

Richards, Layton & Finger, of Wilmington, Del., and Max W. Zabel, of Chicago, Ill., for defendants.

NIELDS, District Judge.

This suit is brought by A. J. Krank Company under U. S. Rev. St. § 4915, as amended (35 USCA § 63), seeking a decree authorizing the Commissioner of Patents to register plaintiff's trade-mark for toilet preparations and cosmetics. Registration had been refused by the Commissioner upon opposition of defendant's predecessor.

Plaintiff's trade-mark sought to be registered may be briefly described as: A facial profile and duplicate silhouette profile, inclining backward in a stream line and having an integral horizontal base line extending toward the left. To the right is the word "Krank" in bold type with a long line projecting from the K and extending generally parallel with the streamline of the profiles. The mark gives a streamline effect. It is shown upon a silver background.

Defendant's trade-mark may be described as: A representation of the head and shoulders of a woman with elongated neck, whose face, appearing in profile, is shown erect against a heavy shadow line. Spaced below this pictorial head in bold type is the name "Marinello." A heavy line appears under the word "Marinello," and under and parallel with it a light line. The representation of a plaque carrying the head is indicated by a line forming a substantially complete rectangular border. The hair, eye, eyebrow, ear, earring, elongated neck, and both shoulders show distinctly in the trade-

mark. In use the mark is shown on a silver background.

The accompanying drawings represent the trade-marks in controversy.

Plaintiff's Mark

Defendant's Mark

and denied registration. Thereupon plaintiff brought this suit.

The single question for determination is whether plaintiff's mark is likely to cause

Plaintiff, as well as defendant and its predecessor, has been engaged in the manufacture and sale of toilet preparations and cosmetics for many years. Plaintiff's goods are sold and widely distributed not only in the United States but in practically every country. They are well-known under the name "Krank" and "Krank's," registered as a trade-mark in the United States Patent Office April 28, 1925. Plaintiff's practice is to sell its products through its own retail stores, department stores, drug stores, and the like. Defendant's business is also nation wide. Its goods are well known under the trade-name "Marinello." Its method of distribution is to sell to certain beauty parlors, of which there are some 425 scattered throughout the United States. The proprietors use the products in giving treatments and sell them to patrons at retail. Plaintiff and defendant are competitors in merchandise of the same descriptive properties.

Plaintiff filed an application for registration of its trade-mark here in controversy May 23, 1930. The application was published in the United States Patent Office Official Gazette July 28, 1931. Defendant's predecessor filed opposition to this registration. It set up its own trade-mark registered December 29, 1929, and claimed that it would be damaged by the registration of plaintiff's trade-mark. On the issue thus framed testimony was taken and the matter submitted to the Examiner of Trade-mark Interferences who rendered a decision in favor of the applicant, the plaintiff here. Upon appeal the Commissioner of Patents reversed the decision of the Examiner of Interferences

confusion in the minds of the public and induce purchasers of cosmetics to mistake the product of plaintiff for that of defendant. Defendant's whole case is bottomed upon its contention that the prominent or conspicuous feature of its trade-mark is the shadow line. This contention is unsound. Both parties use a facial profile with a shadow line shown on a silver background. There is little other similarity between the marks. The use of a shadow line to throw the face into relief and a silver background are old. The faces are strikingly dissimilar. The dominant feature of defendant's trade-mark is the fanciful head of a woman with elongated neck and the name "Marinello" in block letters immediately beneath the head. The shadow line is not the dominant feature of defendant's trade-mark, as in several exhibits showing defendant's mark the shadow line is entirely omitted. With the shadow line removed, there is left the fanciful head and elongated neck. Remove the shadow line from plaintiff's mark, and the mark is destroyed.

■ We are dealing with a combination trade-mark. It includes an original trade-mark or trade-name and a symbol. In making a comparison, a mark may not be dissected but must be viewed as a whole. The court will consider those features which upon inspection would be impressed upon the minds of purchasers and by which they would remember and identify the goods to which they are applied. There is here not only an outstanding difference in the symbols, but this difference is accentuated by

the use of the trade-name of the respective parties in association with a symbol.

The defendant introduced no new evidence. In addition to the record before the Patent Office, the president of the plaintiff company was examined. Additional exhibits showing the use of defendant's mark without the shadow line were introduced. Defendant relies mainly upon Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657. Assuming that case applies to the situation after as well as before the amendment of 1927, I find that the evidence submitted at the trial, including that originally taken in the Patent Office, is sufficient in character and amount to carry thorough conviction that the Patent Office erred in denying registration of plaintiff's trade-mark. American Tri-Ergon Corp. v. General T. Pictures Corp. (D. C.) 8 F. Supp. 108, 122.

I am clearly of opinion that the mark applied for by plaintiff does not so nearly resemble the mark of defendant as to be likely to cause confusion or mistake in the minds of the public. Registration should be granted.

The decision reached makes it unnecessary to discuss the counterclaims. They must be dismissed.

This opinion contains a statement of the essential facts and of the law applicable thereto in conformity with Equity Rule 70½ (28 USCA § 723).

A decree may be submitted.